No. 3665.—M. MARKS, Administrator, *v.* THE TOWN OF DONALDSON-VILLE.

The gratuitous investiture by the State, in a municipality, of the administration of a public ferry, with the right to collect and enjoy the revenues arising therefrom, is not a contract between the State and such municipality, and the State may, therefore, through her legislature, at any time, resume the control of such ferry herself or vest it elsewhere.

The doctrine in the case of police jury of Bossier *v.* Shreveport, 5 An. 661 is reaffirmed by this decision.

APPEAL from the Fourth Judicial District Court, parish of Ascension. *Beauvais, J. R. N. Simms,* for plaintiff and appellee. *Nichols & Pugh,* for defendant and appellant.

HOWE, J. The question presented in this case was very fully discussed and finally settled in Police Jury of Bossier v. Shreveport, 5 An. 663.

Following the language and theory of that case, we may say in this, that "the State, through its legislature, in the exercise of its sovereign

power to regulate ferries, which are parts of the public highway, conferred in former times upon one of the subdivisions of the internal administrations of the State," namely the town of Donaldsonville, the right to keep a ferry across the Bayou Lafourche, and to receive the revenues therefrom, which revenues the State itself might have retained had it so chosen. This right, which it is not pretended was perpetual, was conferred "without any consideration inuring to the State, or any onerous condition imposed on the town." There was no contract between the State and the town, nor any right "vested". in the latter.

When, therefore, in 1870 the State, through its legislature, chose to resume its contract over this ferry or public highway, and to confer the right to keep it on the persons whom the plaintiff represents, upon condition that they should pay the town a certain sum per month, the town has no legal right to complain.

It may be that the revenues thus coming to the town from this highway of travel may be reduced in this way, but if the State, through its Legislature, might have resumed the right *in toto*, and thus taken the revenue away from the town entirely, it certainly can not be good ground of complaint that there has been merely a reduction made.

With the policy of the particular act of the Legislature involved in this case, we, as judges, have nothing to do.

Judgment affirmed.

Rehearing refused.